IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CULPEPER COUNTY, VIRGINIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-cv-00037 |
| | ) | |
| PURDUE PHARMA, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| | ) | |
| CHARLOTTE COUNTY, VIRGINIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:19-cv-00029 |
| | ) | |
| PURDUE PHARMA, L.P., *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) |     United States District Judge |
| Defendants. | ) | |

**ORDER**

These two cases, which are substantially similar to other cases pending before this court, were both filed in state court and removed by one group of defendants. Then, a supplemental notice of removal was filed in each case by other defendants. Considering both notices of removal jointly, each case has been removed on the same jurisdictional bases: federal question jurisdiction, diversity jurisdiction, and jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d)(2) and 1453.

The plaintiff in each case—a locality in the Commonwealth of Virginia—asserts claims against four groups of defendants: (1) manufacturers of various opioid pain medications; (2) distributors of those medications; (3) pharmacy benefit manager (PBM) defendants; and (4) Doe defendants.  The plaintiffs allege that some or all defendants misrepresented the safety and the addictive properties of prescription opioids and engaged in conduct that resulted in prescription opioids being over-distributed and over-prescribed, such as failing to report or halt suspicious orders and encouraging doctors to over-prescribe.

Pending before the court are three motions in each case: (1) plaintiff's motion to remand (responding to the original notice of removal); (2) plaintiff's supplemental motion to remand (responding to the jurisdictional grounds asserted in the supplemental notice of removal); and (3) defendants' motion to stay.  The motions to stay ask the court to stay the cases and delay consideration of the remand motions pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) on whether the cases will be transferred to a pending multi-district litigation action, *In re: National Prescription Opiate Litigation*, MDL No. 2804 (the Opiate MDL).

These cases are part of a series of opioid cases filed by localities in the Western District of Virginia.[1]  Both are currently subject to a conditional transfer order (CTO) entered by the JPML on May 7, 2019.  *In re: National Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 4759 (CTO-101) (docketed as Ex. 5 to Mem. Supp. Mot. for Stay, Dkt. No. 16-5).[2]  Timely objection was made to the CTO, and these matters are set for a September 26, 2019 hearing on the oppositions of plaintiffs to transfer of their actions to the United States District Court for the

---

[1] The parties' briefing suggests that these cases could be considered part of the "third wave," but the parties do not employ that term.

[2] Unless otherwise noted, docket references are to the first-styled case above, *Culpeper County v. Purdue Pharma, L.P.*, No. 3:19-cv-00037.

2

Northern District of Ohio.  (*Id.*, Dkt. No. 5282.)  If a final transfer is ordered, it is likely that it will occur after that hearing.

In an opinion in the "first wave" of like cases, this court addressed the same overarching issues that are raised in these cases.  *City of Galax v. Purdue Pharma, L.P.*, Civil Action No. 7:18-cv-00617, 2019 WL 653010 (W.D. Va. Feb. 14, 2019).  As the court noted there and as the parties agree, the existence of a CTO does not deprive this court of authority to address the jurisdictional issues raised by the motions to remand and supplemental motions to remand.  *See* J.P.M.L. Rule of Procedure 2.1(d) ("The pendency of a conditional transfer order . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").  Nonetheless, for the same reasons set forth in the court's prior memorandum opinion, the court concludes that a stay of these actions is appropriate.  In particular, the court concludes that the issue of whether there is diversity jurisdiction in the case is factually and legally complicated and that the purposes underlying the stay are served by granting one here.  *City of Galax*, Civil Action No. 7:18-cv-00617, 2019 WL 653010, at *3–*4.  Upon the likely transfer of these cases to the Opiate MDL, the MDL court can address the remand motions.

Plaintiffs identify several factual developments that they seem to suggest should change the court's prior analysis.  First, plaintiffs note that the remand motions in the cases transferred to the Opiate MDL (both by this court and by other courts) still have not been addressed by that court and remain pending, some of them for more than a year.  Second, plaintiffs point out that some of the defendants have made public statements regarding the possibility of their filing for bankruptcy.  It appears that plaintiffs are contending that these factors alter the calculus of the

3

harms in that any delay in consideration of plaintiffs' remand motions will not be minimal and instead such delay will be harmful and prejudicial to plaintiffs.

The court has considered these additional circumstances, but they do not alter the court's prior conclusion. Even assuming that those facts increase the possible prejudice to plaintiffs resulting from a stay, the court must assess those facts in conjunction with the other relevant factors: the length of the stay, the hardship to defendants if a stay were denied, and, most importantly, whether the stay would promote judicial economy by avoiding duplicative litigation. *See Walker v. New England Compounding Pharmacy Inc.*, No. 7:12-cv-564, 2013 WL 1871343, at *3 (W.D. Va. May 3, 2013) (citation omitted). A consideration of all the factors leads the court to conclude that staying these cases remains an appropriate course of action for all the reasons set forth in its prior order and in the exercise of its discretion.

It is also worth noting that, subsequent to the court's decision in *City of Galax*, most judges presiding over "second wave" cases in the Western and Eastern Districts of Virginia have stayed the cases pending the transfer decision rather than ruling on motions to remand. *E.g.*, *City of Lexington v. Purdue Pharma, L.P.*, No. 6:19-cv-00021 (W.D. Va. May 16, 2019); *Halifax Cnty. v. Purdue Pharma, L.P.*, No. 4:19-cv-00021 (W.D. Va. May 16, 2019); *Roanoke Cnty. v. Purdue Pharma, L.P.*, No. 7:19-cv-00271 (W.D. Va. May 16, 2019); *Franklin Cnty. v. Purdue Pharma, L.P.*, No. 7:19-cv-00302 (W.D. Va. May 1, 2019); *Alleghany Cnty. v. Purdue Pharma, L.P.*, No. 7:19-cv-00275 (W.D. Va. May 1, 2019); *Fauquier Cnty., Va. v. Purdue Pharma L.P.*, No. 1:19-cv-00364 (E.D. Va. Apr. 17, 2019); *Bd. of Supervisors of Prince William Cnty. v. Purdue Pharma, L.P.,* No. 1:19-cv-00365 (E.D. Va. Apr. 18, 2019); *City of Chesapeake v. Purdue Pharma, L.P.*, No. 2:19-cv-00183 (E.D. Va. Apr. 24, 2019); *Fairfax Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-00544 (E.D. Va. May 18, 2019); *Louisa Cnty. v. Purdue Pharma,*

*L.P.*, No. 3:19-cv-00027 (W.D. Va. May 24, 2019); *Northumberland Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-246 (E.D. Va. June 20, 2019); *Prince George Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-458 (E.D. Va. June 21, 2019); *Greensville Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-459 (E.D. Va. June 21, 2019); *Loudoun Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-778 (E.D. Va. July 2, 2019); *City of Emporia v. Purdue Pharma, L.P.*, No. 3:19-cv-513 (E.D. Va. July 16, 2019)).[3]  (*See also* Ex. A to Mem. Supp. Mot. to Stay, Dkt. No. 16-16, and Ex. A to Reply Mem. Supp. Mot. to Stay, Dkt. No. 26-1, attaching all of the preceding cases.)  Overall, then, many similar Virginia cases raising the same jurisdictional issues likely will be before the Opiate MDL.  Accordingly, the factor of judicial economy and efficiency supports a stay here, perhaps even more strongly than when the court ruled in *City of Galax*.

## CONCLUSION

For the above reasons, it is hereby ORDERED that defendants' motions to stay are GRANTED.  These cases are STAYED temporarily pending a decision by the JPML as to whether those cases will be transferred to the Opiate MDL.

Entered: August 16, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[3] At least three other cases in the Eastern District of Virginia have been decided to the contrary.  *See Cnty. Bd. of Arlington Cty., Va. v. Purdue Pharma, L.P.*, Case No. 1:19-cv-402 (E.D. Va. May 6, 2019) (denying a motion to stay and rejecting same jurisdictional grounds asserted here) (Dkt. No. 63); *Dinwiddie Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-242 (June 18, 2019); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463 (E.D. Va. July 16, 2019).